UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ORGANIZACION MISS AMERICA LATINA, INC., a Florida corporation,

    Plaintiff,

v.

AMERICA AVILA, PATRICIA COHEN and AMERICA DIGITAL PRODUCTIONS, LLC,

    Defendants.
_____/

CASE NO.: _____

## VERIFIED COMPLAINT

Plaintiff, ORGANIZACION MISS AMERICA LATINA, INC., a Florida corporation ("**Plaintiff**"), by and through undersigned counsel, sues AMERICA AVILA, PATRICIA COHEN and AMERICA DIGITAL PRODUCTIONS, LLC, and (hereinafter, collectively, referred to as "**Defendants**"), and alleges as follows:

### INTRODUCTION

1. This is an action for infringement of Plaintiff's valuable service marks, false designation of origin and unfair competition under federal and Florida statutory law, cybersquatting, dilution, common law service mark infringement and trademark infringement.

2. These claims involve Defendants' willful acts by virtue of Defendants' use of its service mark MISS AMERICA LATINA ("**Defendants' Infringing Mark**") on and in identical services (Defendant's "**Infringing Services**") that appear identical and/or confusingly similar to consumers or emanating from the same source and are offered and provided through identical trade channels and to identical consumers.

1

## THE PARTIES

3. Plaintiff is a corporation duly organized and existing under the laws of the State of Florida, duly qualified to conduct business in the State of Florida, with its principal places of business located in Miami-Dade County, Florida.

4. Plaintiff is engaged in, among other things, the business of conducting beauty pageants for women of Hispanic/Latina origin and/or heritage.

5. Upon information and belief Defendants America Avila and Patricia Cohen are Texas residents.

6. Upon information and belief, Defendants America Avila and Patricia Cohen are the decision makers and organizers of the MISS AMERICA LATINA or MISS AMERICA INTERNACIONAL beauty pageant event (Defendants' "**Pageant Event**" or "**Infringing Services**").

7. Upon information and belief, Defendant America Digital Productions, LLC is a Texas-based company with its principal place of business located at 9137 Spring Branch, Houston, Texas.

8. Upon information and belief, America Avila is the CEO of America Digital Productions, LLC.

9. Upon information and belief, America Digital Productions, LLC is the production company producing Defendants' Pageant Event.

10. Upon information and belief, Defendants' Infringing Services include the creation and promotion of a beauty pageant event for women of Hispanic/Latina origin and/or heritage that is to take place in Houston, Texas.

*Bradley Legal Group, P.A.*, 1217 East Broward Boulevard, Fort Lauderdale, FL 33301 (954) 523-6160

11. Upon information and belief, Defendants' Infringing Services are being marketed throughout the United States and promoted under the name "MISS AMERICA LATINA" or "MISS AMERICA INTERNACIONAL."

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338(a), in that this action arises under the federal Lanham Act/Trademark Act, 15 U.S.C. §1051 *et seq.*, federal common law, and other federal law.

13. This Court has personal jurisdiction over the Defendants and venue is proper under Florida's long-arm statute, Fla. Stat. ch. 48.193(2), stating that an out of state defendant is subject to jurisdiction if they commit a tortious act within the state. It is well-established that the commission of a tort for purposes of establishing long-arm jurisdiction does not require physical entry into the state, but merely requires that the place of *injury* be within Florida. *Lee B. Stern & Co., Ltd. v. Green*, 398 So.2d 918 (Fla. 3rd DCA 1981); *Bangor Punta Operations, Inc. v. Universal Marine Co.*, 543 F.2d 1107 (5th Cir. 1976); *Rebozo v. Washington Post Co.*, 515 F.2d 1208 (5th Cir. 1975); *Int'l Harvester Co. v. Mann*, 460 So. 2d 580, 581 (Fla. App. 1984). The tortious act here is trademark infringement and thus, this Court has personal jurisdiction over the Defendants.

## PLAINTIFF'S SERVICE MARKS AND NATIONAL PAGEANTS

14. Plaintiff is a national and worldwide brand and leader in the business of conducting international beauty pageants for women of Hispanic/Latina origin and/or heritage.

15. Plaintiff organizes, promotes, hosts, and conducts Hispanic/Latina-themed beauty pageants (hereafter collectively "**Pageants**") throughout the United States and the World, including, without limitation:

a. MISS LATIN AMERICA® of the World (also known in the Spanish language as Miss América Latina) is the international Pageant designed exclusively for women of Hispanic/Latina origin and/or heritage around the World, which, since 1981, features each year contestants/delegates from various countries, including from the United States (the winner of MISS U.S. LATINA®).

b. MISS U.S. LATINA, which began as MISS LATINA USA Pageant, is the first pageant established nationally in the country exclusively for Latina and Hispanic women that showcases their beauty and culture in a traditional pageant since 1983. It is the official and only national preliminary in the USA to the international MISS LATIN AMERICA® of the World Pageant. MISS U.S. LATINA is a Pageant for ages 18-27.

c. MISS TEEN U.S. LATINA is a sister pageant to MISS U.S. LATINA established in 2003 to give the opportunity for teenagers already competing in licensed Pageants to also advance to a national competition. MISS TEEN U.S. LATINA is a Pageant for ages 14-17.

16. Plaintiff and its Pageants promote nationwide the ideas, culture, and the aspirations of this country's most powerful emerging market, Hispanic/Latina women.

17. Plaintiff operates the following websites:

   a. http://www.missuslatina.com/ for Miss U.S. Latina.

   b. http://www.missamericalatina.com for Miss Latin America® of the World.

18. Plaintiff conducts its beauty pageants under its various service marks, which are the pinnacle of Plaintiff's Pageants, including the MISS U.S. LATINA Pageant System ("**National Pageants**").

4

19. Plaintiff has used in commerce the service marks MISS LATIN AMERICA and MISS U.S. LATINA since at least as early 1983, to identify beauty pageants conducted on regional, national, and international levels, and related services.

20. On or about February 20, 1990, Plaintiff and/or its predecessor-in-interest applied for federal registration of the mark MISS LATIN AMERICA with the United States Patent and Trademark Office ("**USPTO**") on the Principal Register. On July 30, 1991, Registration Number 1,652,554 directed to the mark MISS LATIN AMERICA for "promoting the sale of goods and services of others through the medium of periodic beauty contests conducted on a regional, national, and international basis" in International Class 35 issued ("**Reg. No. 554**"). A true and correct copy of the Certificate of Registration is attached hereto as ***Exhibit A.***

21. Plaintiff's Reg. No. 554 is valid, subsisting, and in full force and effect, and therefore confers *prima facie* evidence of a nationwide right of exclusive use of MISS LATIN AMERICA and any mark likely to cause confusion with this mark in connection with the services specified in the registration, pursuant to 15 U.S.C. § 1057(b).

22. Reg. No. 554 has been deemed incontestable pursuant to 15 U.S.C. §1065, and is therefore the conclusive evidence of the validity of the registered mark and of the registration of the mark, of Plaintiff's ownership of the mark, and of Plaintiff's exclusive right to use the registered mark in commerce, in accordance with 15 U.S.C. § 1115(b). *See **Exhibit B*** hereto.

23. By virtue of its use and incontestable registration, Plaintiff has the exclusive right to use the MISS LATIN AMERICA mark in commerce in connection with "promoting the sale of goods and services of others through the medium of periodic beauty contests conducted on a regional, national, and international basis."

24. Plaintiff has also acquired strong common law trademark rights in various marks including, without limitation, MISS AMERICA LATINA, MISS U.S. LATINA, MISS LATINA U.S., MISS TEEN U.S. LATINA, MISS ESTADOS UNIDOS LATINA, MISS TEXAS LATINA, MISS TEEN TEXAS LATINA, and variations thereof, also in combination with stylizations and/or graphical elements, used in various states including Florida and Texas, interstate, and international commerce in connection with beauty pageants conducted on regional, national, and international levels, and related services.

25. The marks set forth in Paragraphs 17-24 above are hereinafter referred to, collectively, as "**Plaintiff's Marks**."

26. Plaintiff's Marks have been used in interstate commerce to identify and distinguish Plaintiff's high quality services for an extended period of time.

27. Plaintiff's Marks are symbols of enormous quality, reputation, and goodwill, and have never been abandoned.

28. As a result of Plaintiff marketing, advertising, and promoting its beauty pageant services in commerce throughout the United States and internationally, Plaintiff's Marks, including MISS LATIN AMERICA and MISS AMERICA LATINA, have achieved favorable third-party publicity and recognition. The significant provision of Plaintiff's services in connection with Plaintiff's Marks in the United States and internationally for over thirty (30) years, combined with individual consumer and industry recognition of Plaintiff's Marks, has made Plaintiff's Marks famous in the United States and internationally. Plaintiff's Marks qualify as famous marks as that term is used in 15 U.S.C. § 1125(c)(1).

29. Plaintiff's Marks are inherently distinctive but have also become a distinctive indication of the origin and high level of quality of Plaintiff's services as a result of Plaintiff's

*Bradley Legal Group, P.A.*, 1217 East Broward Boulevard, Fort Lauderdale, FL 33301 (954) 523-6160

extensive use, marketing, and advertising. Plaintiff's Marks therefore act as an indication of the source of these services and assure consumers a high level of quality, appeal, and satisfaction with which Plaintiff's services have become synonymous. An example of Plaintiff's use of Plaintiff's Marks is illustrated below:





30. By using Plaintiff's Marks for up to or over thirty (30) years in the beauty pageant industry in Florida, Texas, interstate, and international commerce, Plaintiff has developed significant and valuable goodwill in Plaintiff's Marks within the industry and the public, which have also acquired secondary meaning, as they identify Plaintiff's high quality services.

## STATE AND LOCAL PAGEANTS

31. As part of its services, and in addition to the Pageants, including the National Pageants, Plaintiff organizes and/or oversees various state and city level pageants ("Local Pageants"), which are preliminary to Plaintiff's National Pageants, which, in turn, are the official USA national preliminary to Plaintiff's MISS LATIN AMERICA® of the World.

32. Plaintiff owns all rights to the service marks, logos, and slogans used for the National and Local Pageants it is involved with, including Plaintiff's Marks.

33. The Local Pageants are often produced through city and state director licensees.

8

34.     Plaintiff exclusively selects individual state directors to conduct Local Pageants as its licensees.

35.     Plaintiff enters into license agreements with the state directors, whereby Plaintiff grants them the sole and exclusive right under Plaintiff's guidelines, rules, and regulations for its Pageants and Marks to conduct preliminary Local Pageants within a state's geographical area for the selection of a contestant to compete in Plaintiff's National Pageant.

## FACTS

36.     This case involves Defendants continued willful infringement of Plaintiff's service marks used in connection with identical services.

37.     Defendants have been using the name "MISS AMERICA LATINA," which is an identical and/or confusingly similar service mark on and in connection with identical services that appear identical and/or confusingly similar to consumers or emanating from the same source, and are offered and provided through identical trade channels and to identical purchasers.

38.     Defendants have been using the name "MISS AMERICA LATINA" to promote its Infringing Services, which include its Pageant Event.

39.     Defendants use the website www.MissAmericaLatina.org to promote and market its Pageant Event.

40.     Defendants have used various social media/networking platforms, including but not limited to Facebook and Instagram, under the name MISS AMERICA LATINA, since at least April 8, 2019, to promote and market its Pageant Event.

41.     On April 8, 2019, a Facebook page with the name "Miss America Latina" was created. **Exhibit C**. On that date an image was published, displaying a logo with the words "Miss America Latina" in a black oval with a crown on top. **Exhibit D**.

42. On April 18, 2019 an advertisement with Defendants' aforementioned "Miss America Latina" logo was published on Defendants' Facebook page. Included in the advertisement, along with the logo, was information about a beauty pageant for contestants ages 18-35 with runway experience. ***Exhibit E***.

43. On May 6, 2019, the "MISS AMERICA LATINA" Facebook page published a post advertising the Pageant Event's casting call and described the casting call requirements. ***Exhibit F***.

44. Throughout the month of May and into the beginning of the month of June, the "MISS AMERICA LATINA" Facebook page continuously published posts advertising the Pageant Event. The name "Miss America Latina" was continuously used on the page throughout this time.

45. Additionally, via Facebook, various individuals and entities (**"Defendants' Affiliates"**) have re-posted or shared the infringing promotional images and advertisements displaying the "Miss America Latina" name and related to Defendants' Pageant Event. ***Composite Exhibit G.***

46. During this time, Defendants' use of its logo, name, and promotional materials displaying the "Miss America Latina" name was also being shared through Defendants and Defendants' Affiliates social media/networking platforms including but not limited to Twitter and Instagram. ***Exhibit H***.

47. On June 11, 2019, Plaintiff sent Defendants a letter demanding they cease and desist all infringement of Plaintiff's name, trademarks, copyrights and goodwill. ***Exhibit I***.

*Bradley Legal Group, P.A., 1217 East Broward Boulevard, Fort Lauderdale, FL 33301 (954) 523-6160*

48. Hours after receiving the cease and desist letter, Defendants posted a live video to its Facebook account, explaining in Spanish how they are the first and only Miss America Latina in Houston and are by no means affiliated with any other Miss America Latina.

49. On June 15, 2019, Defendants changed its Facebook name and Instagram handle from "MISS AMERICA LATINA" to "Miss America Internacional." Defendants also began publishing on Facebook a slightly revised logo and new promotional and marketing images displaying the name "Miss America Internacional" and displaying its website URL as www.missamericainternacional.org." ***Exhibit J***.

50. However, to this day, photos, logos, promotional and marketing images that display the infringing name "Miss America Latina" remain published on Defendants and Defendants' Affiliates website and social media networking pages.

51. Further, even when one searches the URL www.missamericainternacional.org, it still leads to the original www.MissAmericaLatina.org URL. The website still currently displays the "Miss America Latina" name. ***Exhibit K***.

52. Defendants and Defendants' Affiliates continue to infringe on Plaintiff's name, trademarks, and goodwill by refusing to remove infringing material from the Internet and continuing to market its Pageant Event in direct violation of Plaintiff's Marks.

## COUNT I
## FEDERAL SERVICE MARK INFRINGEMENT UNDER 15 U.S.C. § 1114

53. Plaintiff adopts and incorporates Paragraphs 1-52 as if fully alleged herein.

54. Plaintiff is the owner of the Trademark "MISS LATIN AMERICA," Trademark Registration No. 1,652,554 ("**554 Trademark**"), which is valid and subsisting. ***Exhibit A***.

11

55. Defendants are not authorized to use and imitate Plaintiff's MISS LATIN AMERICA mark, any confusingly similar variation, including Defendants' Marks, or any mark that in any way represents or implies that Defendants' Infringing Services are in any way associated with or sponsored by Plaintiff.

56. Defendants' use the service mark MISS AMERICA LATINA is likely to confuse, and has already confused, consumers into believing that the services offered by Defendants originate from, are authorized by, or are somehow affiliated with or sponsored by Plaintiff.

57. Defendants are intentionally and knowingly infringing upon Plaintiff's rights in the registered mark.

58. Defendants' use of the name MISS AMERICA LATINA is likely to cause Plaintiff to lose control of its hard-earned reputation, to damage Plaintiff's reputation and goodwill among consumers, and to divert profits and opportunities away from Plaintiff and to Defendants.

59. Defendants are therefore infringing Plaintiff's exclusive rights in violation of Section 32 of the Lanham Act of 1946, 15 U.S.C. § 1114, and has caused damage to Plaintiff in an amount to be determined at trial.

60. Plaintiff has suffered and will continue to suffer irreparable injury and damages due to Defendants' above described activities if Defendants are not preliminarily and permanently enjoined.

## COUNT II
## FEDERAL UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)

61. Plaintiff adopts and incorporates Paragraphs 1-52 as if fully alleged herein.

62. Plaintiff has been using Plaintiff's Marks in conjunction with its services in Interstate Commerce since at least as early as 1983 and has developed substantial goodwill in these

marks in Plaintiff's common law territory, the entire United States, and internationally, prior to Defendants' adoption and use of MISS AMERICA LATINA.

63. Upon information and belief, Defendants' use of the name MISS AMERICA LATINA has been widely advertised throughout State of Texas, the United States and internationally via numerous locations on the Internet.

64. Defendants' use of "MISS AMERICA LATINA" in Interstate Commerce is likely to cause, and has already caused, mistake, and/or to deceive consumers as to an affiliation, connection, or association of Defendants with Plaintiff, and/or as to the origin, sponsorship, and/or approval of Defendants' services or commercial activities by Plaintiff.

65. Defendants have therefore engaged in unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a) and has caused damage to Plaintiff in an amount to be determined at trial. Plaintiff is being irreparably harmed by the infringement and has no adequate remedy at law.

66. Absent an entry of an injunction by this Court, Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

## COUNT III
## CYBERSQUATTING PURSUANT TO §43(d) OF THE LANHAM ACT (15 U.S.C. §1125(d))

67. Plaintiff adopts and incorporates Paragraphs 1-52 as if fully alleged herein.

68. Upon information and belief, Defendants have acted with the bad faith intent to profit from Plaintiff's Marks and the goodwill associated with Plaintiff's Marks by registering, operating, and using the Cybersquatted Subject Domain Name www.MissAmericaLatina.org.

69. Plaintiff's Marks were distinctive and/or famous at the time Defendants began to operate and use the Cybersquatted Subject Domain Name.

70. Defendants have no intellectual property rights in or to Plaintiff's Marks, including in MISS LATIN AMERICA and MISS AMERICA LATINA.

71. The Cybersquatted Subject Domain Name used by Defendants is identical to, confusingly similar to, and/or dilutive of at least one of Plaintiff's Marks, including MISS LATIN AMERICA and MISS AMERICA LATINA.

72. Defendants' conduct is done with knowledge and constitutes a willful violation of Plaintiff's rights in Plaintiff's Marks. At a minimum, Defendants' conduct constitutes reckless disregard for and willful blindness to Plaintiff's rights.

73. Plaintiff has no adequate remedy at law.

74. Defendants' actions constitute cybersquatting in violation of §43(d) of the Lanham Act, 15 U.S.C. §1125(d).

75. Plaintiff has suffered and will continue to suffer irreparable injury due to the above-described activities of Defendants if Defendants are not preliminarily and permanently enjoined.

## COUNT IV
## DILUTION UNDER 15 U.S.C. §1125(c)

76. Plaintiff adopts and incorporates Paragraphs 1-52 as if fully alleged herein.

77. Plaintiff has extensively and continuously promoted and used its registered and uncontestable MISS LATIN AMERICA mark in Reg. No. 554, as well as its other Marks both in the United States and throughout the world.

78. Plaintiff's Marks have become famous and well-known symbols of Plaintiff's services well before Defendants offered their infringing services complained of herein.

79. Defendants are making commercial use in commerce of Defendants' Marks that dilute and are likely to dilute the distinctiveness of Plaintiff's Marks by eroding the public's exclusive identification of Plaintiff's Marks, tarnishing and degrading the positive associations

*Bradley Legal Group, P.A.*, 1217 East Broward Boulevard, Fort Lauderdale, FL 33301 (954) 523-6160

and prestigious connotations of Plaintiff's Marks, and otherwise lessening the capacity of Plaintiff's Marks to identify and distinguish services.

80. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's Marks or to cause dilution of Plaintiff's Marks, to the great and irreparable injury of Plaintiff.

81. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or in equity entitled.

82. Defendants have caused and will continue to cause irreparable injury to Plaintiff's goodwill and business reputation, and dilution of the distinctiveness and value of Plaintiff's Marks, which are famous and distinctive, in violation of 15 U.S.C. § 1125(c).

83. Plaintiff therefore is entitled to injunctive relief and to Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(c), 1116 and 1117.

## COUNT V
## COMMON LAW SERVICE MARK INFRINGEMENT

84. Plaintiff adopts and incorporates Paragraphs 1-52 as if fully alleged herein.

85. This is an action for common law service mark infringement against Defendants based on its promotion, advertisement, offering, and providing of their infringing services bearing Defendants' Marks, which is identical and/or confusingly similar to Plaintiff's Marks.

86. Plaintiff is the owner of all common law rights in and to Plaintiff's Marks.

87. Specifically, Defendants, upon information and belief, are promoting and otherwise advertising, distributing, offering, and providing infringing services under the name MISS AMERICA LATINA.

*Bradley Legal Group, P.A.*, 1217 East Broward Boulevard, Fort Lauderdale, FL 33301 (954) 523-6160

88. Plaintiff has acquired strong common law trademark rights in various marks, including the mark MISS AMERICA LATINA as is demonstrated in the image following Paragraph 22 above in this Complaint.

89. Defendants' use of its Marks in promotion of its Infringing Services are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' infringing services, including affiliation with and/or sponsorship by Plaintiff.

90. Defendants' mark is identical to Plaintiff's Mark MISS AMERICA LATINA in which it has acquired strong common law rights in.

91. Plaintiff has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.

## PRAYER FOR RELIEF

Plaintiff demands judgment in its favor for:

A. The entry of a preliminary injunction effective during the pendency of this action, and an order and judgment of this Court, effective permanently thereafter, restraining and enjoining Defendants and Defendants' Affiliates, as well as their agents, employees, all others acting in concert with them and anyone on notice of this Court's order, from:

   a. Using in any manner Plaintiff's Marks or any variation thereof confusing similar to Plaintiff's Marks, including, without limitation, Defendants' Marks;

   b. Using in any manner any service mark, words, abbreviations, text, or other combinations thereof that would imitate, resemble, or suggest Plaintiff's Marks;

   c. Otherwise infringing Plaintiff's Marks;

   d. Unfairly competing with Plaintiff by copying or imitating Plaintiff's Marks; and

    e. Implying, directly stating, or creating the impression that Defendants or its services are affiliated, sponsored by, or associated with Plaintiff or its services.

B. An order that the Defendants publish for a period of not less than twelve months, corrective advertising in all media in which the infringing marks had been published, explaining to customers that Defendants' Pageant Event and Infringing Services are not affiliated with or endorsed by Plaintiff;

C. An order that the Defendants remove from its website and all remaining social media/networking accounts any logos, photos, promotional material, advertisements and/or any other text, videos, photos or items that infringe on Plaintiff's Marks;

D. An accounting by Defendants of its profits attributable to Defendants' wrongful conduct, and for a judgment against Defendants, in such amount, together with interest thereon as provided by law;

E. An enhancement of any award under Paragraph D of this Prayer;

F. Any and all damages suffered by Plaintiff resulting from Defendants' wrongful conduct, including, without limitation, compensatory, incidental, and consequential damages;

G. Any and all relief to which Plaintiff may be entitled pursuant to the Lanham Act, 15 U.S.C. §§ 1051 et seq., including treble damages and Plaintiff's attorneys' fees;

H. Entry of an order pursuant to 28 U.S.C §1651(a), The All Writs Act, that, upon Plaintiff's request, the top level domain (TLD) Registry for each of the Cybersquatted Subject Domain Name or their administrators, including backend registry operators or administrators, place the Cybersquatted Subject Domain Names on Registry Hold status for the remainder of the registration period for any such domain name, thus removing them from the TLD zone files which link the Cybersquatted Subject Domain Name to the IP

addresses where the associated websites are hosted.

I. Entry of an order pursuant to 28 U.S.C §1651(a), The All Writs Act, canceling for the life of the current registration or, at Plaintiff's election, transferring the Cybersquatted Subject Domain Name and any other domain names used by Defendants to engage in this infringement of Plaintiff's Marks at issue to Plaintiff's control so they may no longer be used for illegal purposes.

J. Entry of an order transferring ownership of Infringing Profiles from Defendants to Plaintiff and requiring Defendants to surrender to Plaintiff all necessary login and ownership information, including, without limitation, usernames and passwords.

K. An award of attorneys' fees provided by any other legal authority;

L. An award of full costs incurred by the Plaintiff herein;

M. Entry of an award of pre-judgment interest on the judgment amount

N. Such additional relief as the Court deems fair and just.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury on all issues so triable as a matter of right.

DATED this 3rd day of July, 2019.

    Respectfully Submitted,
    John F. Bradley
    *Attorney for Plaintiff ORGANIZACION MISS AMERICA LATINA, INC.*

By: /s/John F. Bradley/
    John F. Bradley, Esq.
    Florida Bar #0779910
    BRADLEY LEGAL GROUP, P.A.
    1217 E. Broward Blvd.
    Fort Lauderdale, FL 33301
    Tel: (954) 523-6160
    Email: jb@bradlegal.com